NOT FOR PUBLICATION (Doc. No. 78)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
WYNDHAM HOTELS AND :
RESORTS, LLC, :
: Civil No. 10-2583 (RBK/AMD)
Plaintiff, :
:
v. : **OPINION**
:
NORTHSTART MT. OLIVE, :
LLC et al. :
:
Defendant. :
_____ :

**KUGLER**, United States District Judge:

This matter comes to the Court on Wyndham Hotels and Resorts, LLC's ("Wyndham") Motion for Attorneys' Fees and Costs and Prejudgment Interest (Doc. No. 78). Defendants have not challenged or filed any opposition to the requested fees. For the foregoing reasons, Wyndham's Motion will be **GRANTED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The Court held a bench trial in this case on August 27 and 28, 2013, after which judgment was entered in favor of Wyndham and against Defendants Manish Patel and Anil Patel (collectively "Defendants") for violation of the New Jersey Franchise Practices Act, breach of contract, and breach of the covenant of good faith and fair dealing. (Judgment (Doc. No. 77).) The Court specifically granted judgment in the following amounts:

1. Recurring fees in the amount of $397,880.68 together with interest in the amount of 1.5% per month (or 18% per year) from March 12, 2010 to the date of the judgment.

2. Liquidated damages in the amount of $140,000 together with prejudgment interest at the prevailing statutory rate.

3. Lanham Act damages in the amount of $437,548.47 (which constitutes $157,849 trebled) together with prejudgment interest at the prevailing statutory rate.

4. Attorneys' fees and costs in an amount to be determined later.

On September 30, 2013, Wyndham filed an application with the Court detailing its costs and attorneys' fees and requested that the Court approve reimbursement for $259,713.95 in attorneys' fees and $6,173.68 in costs, totaling $265,887.63 in attorneys' fees and costs. (Wyndham Mot. Att'ys Fees (Doc. No. 78).) Defendants never filed a response or opposition to Wyndham's Motion.[1]

## II. DISCUSSION

Attorneys' fees and expenses may be awarded to a successful party in litigation where authorized by statute, court rule, or contract. Apple Corps. Ltd. v. Int'l Collectors Soc., 25 F. Supp. 2d 480, 484 (D.N.J. 1998). Indeed, it is within the courts' "inherent power to reimburse a party for outlays incurred in securing an adjudication of contempt." Halderman by Halderman v. Pennhurst State Sch. & Hosp., 49 F.3d 939, 941 (3d Cir. 1994) (citing Robin Woods Inc. v. Woods, 28 F.3d 396, 400-401 (3d Cir. 1994)).

The Supreme Court has determined that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The

---

[1] Wyndham did not actually file a Motion, but instead designated their submission as a "Declaration" on ECF. (See ECF Annotation to Doc. No. 78.) However, there is no evidence that Defendants were not on notice of Wydham's application for costs and fees. Wyndham filed another request to have this Court approve their fees and costs on November 26, 2013 (Doc. No. 79), and the Court notes that Defendants have had ample time to respond or oppose Wyndham's application.

product of this calculation is called the lodestar, id., which is assumed to yield a reasonable fee, Washington v. Philadelphia Cnty. Ct. Com. Pl., 89 F.3d 1031, 1035 (3d Cir. 1996) (citing City of Burlington v. Dague, 505 U.S. 557 (1992)). The party seeking attorneys' fees may establish reasonableness by submitting affidavits setting forth hours worked and its claimed rates. See Apple Corps. Ltd., 25 F. Supp. 2d at 485. The burden then shifts to the party opposing the attorneys' fees request to contest either the reasonableness of the hours or the rates claimed. Id. Once the opposing party has met this burden, "the court has wide discretion" to determine whether the number of hours reported are reasonable, id., and whether the claimed rates are in accordance with prevailing market rates in the relevant community, Rode, 892 F.2d at 1183 (citing Blum v. Stenson, 4665 U.S. 886, 895 (1984)).

    a. **The reasonableness of the total hours worked**

As discussed, a request for attorneys' fees must be accompanied by evidence supporting the number of hours worked. Thus, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433. Further, "hours are not reasonably reported if they are excessive, redundant, or otherwise unnecessary." Rode, 892 F.2d at 1183 (citing Hensley, 461 U.S. at 433).

Here, the Declaration of David S. Sager sets forth the summary of services rendered and hours billed to Wyndham in each of the invoices submitted by Sager while working at Day Pitney LLP and then Lowenstein Sandler LLP during this matter. (See Sager Decl.) Attached to Sager's Declaration is an Exhibit of the actual invoices. (See Ex. 1 to Sager Decl., Invoices.) The Declaration and the Invoices indicate that fees and costs sought by Wyndham all relate to time spent pursuing the various claims in this matter, during all stages of the litigation, which spanned over three years. The total time equals 761.8 hours spent on this matter through August

31, 2013. Wyndham also ultimately prevailed on their claims, and Defendants claims were all denied. Accordingly, the Court finds that the documentation is sufficient to support a finding that the 761.8 hours listed were reasonably spent on relevant and germane issues in this litigation, and are not excessive.

### b. The reasonableness of the hourly rate

"The starting point in determining a reasonable hourly rate is the attorney's usual billing rate, but this is not dispositive." Pub. Interest Research Grp. of N.J. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995). The general rule is that a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community. See, e.g., Blum, 465 U.S. at 895-96 n.11; Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997); Washington, 89 F.3d at 1035; Rode, 892 F.2d at 1183.

The fee applicant's burden may be satisfied by the submission of affidavits of non-party attorneys with personal knowledge of the hourly rates customarily charged in the relevant community. See Washington, 89 F.3d at 1036. The burden then shifts to the party opposing the fee application to produce affidavits or other submissions which create an issue as to the reasonableness of the requested hourly rate. See id. If the fee applicant fails to meet its initial burden, or if the opposing party challenges the fee applicant's proffer, the determination of the appropriate market rate is vested within the court's discretion. See Rode, 892 F.2d at 1183; see also Washington, 89 F.3d at 1036. The Court must assess the experience, skill and reputation of the attorneys and compare their rates to the rates in the relevant market for similar services by attorneys of comparable experience, skill and reputation. See Rode, 892 F.2d at 1183 (citations omitted).

Here, Wyndham failed to submit an affidavit detailing the rates customarily charged by partners and associates at New Jersey law firms. Indeed, the only evidence in support of Sager's hourly rate is his statement that his "hour rate in this matter ranged from $500 per hour (in 2010) to $600 per hour (in 2013)." (Sager Decl. ¶ 3.)

As neither party provided this Court with materials helpful to the resolution of this issue, it is within the Court's discretion to determine the appropriate market rate.

"An examination of hourly rates permitted in fee shifting cases in New Jersey shows a good deal of variation from experienced attorneys." Port Drivers Fed'n 18, Inc. v. All Saints, No. 09-868, 2011 WL 3610100, at *4 (D.N.J. Aug. 16, 2011). In determining appropriate rates, courts often look to years of experience and geographic location. See U.S. ex rel. Simring v. Univ. Physician Assocs., No. 04-3530, 2012 WL 10033888, at *7 (D.N.J. Oct. 2, 2012), report and recommendation adopted as modified, 2013 WL 6628223 (D.N.J. Aug. 22, 2013) (finding that a requested $450 hourly rate for an attorney practicing in Montclair, New Jersey with over 30 years of experience was reasonable); Port Drivers, 2011 WL 3610100, at *4 (finding that a rate of $475 was a reasonable hourly rate for a partner practicing in Newark); Pretlow v. Cumberland Cnty. Bd. of Soc. Servs., No. 04-2885, 2005 WL 3500028, at *4 (D.N.J. Dec. 20, 2005) (holding that a reasonable rate for an attorney with 15-20 years of experience in the relevant Philadelphia/Camden market is $250 per hour).

Here, Sager was assisted in this case by two associates while working at Day Pitney, and was assisted primarily by one counsel, one associate, and one partner while at Lowenstein. (Sager Decl. ¶ 6.) Wyndham was charged a $6,000.00 flat fee, and then was billed at the hourly rates for the individual attorneys who worked on the case thereafter, with a 10% discount. (Id. ¶ 4.) Sager's own hourly rate ranged from $500 to $600 per hour, (id. ¶ 3), while the hourly rates

5

of the associates at Day Pitney ranged from $115 to $400 per hour, the hourly rate of the counsel at Lowenstein was $460 per hour, the hourly rate of the associate at Lowenstein was $310 per hour, and the hourly rate of the other partner at Lowenstein ranged from $530 to $550 per hour. (See Invoices.)  Based on the 761.8 hours listed for this matter and the $259,713.95 sought for attorneys' fees, the blended hourly rate for Wyndham's attorneys is approximately $340.92 per hour.

Day Pitney's New Jersey office is located in Parsippany, New Jersey – which is approximately 18 miles from Newark, and 104 miles from Camden.[2]  Lowenstein's New Jersey office is located in Roseland, New Jersey – which is approximately 11 miles from Newark, and 98 miles from Camden.  In light of the Court's observation that attorneys practicing in and around Newark, New Jersey tend to command a higher hourly rate than partners practicing in and around Camden, New Jersey, the Court finds that a rate of $340.92 is not unreasonable.

Thus, $259.713.95 remains payable to Wyndham in attorneys' fees, and $6,173.68 remains payable to Wyndham in costs, totaling $265,887.63.[3]

---

[2] A court may take judicial notice of geographic distances.  See Mondaca-Vega v. Holder, 718 F.3d 1075, 1085 (9th Cir. 2013).  The distance calculated supra was calculated using Google Maps (www.google.com/maps), which is a common practice.  See, e.g., Hartford Life Ins. Co. v. Rosenfeld, No. 05-5542, 2007 WL 2226014, at *8 n.5 (D.N.J. Aug. 1, 2007).

[3] Of these amounts, it would appear Day Pitney is due $85,915.85 in fees and $4,378.41 in costs, (see Sager Decl. ¶¶ 8-22), and Lowenstein is due $173,798.10 in fees and $1,795.27 in costs.  (See id. ¶¶ 23-32.)

### III.    CONCLUSION

Upon review and consideration of Wyndham's Motion for Attorneys' Fees and Costs, the Court will **GRANT** Wyndham's Motion.  Accordingly, the Court finds that Defendants are responsible to Wyndham for $265,887.63 in attorneys' fees and costs.  An appropriate Order for Final Judgment will enter approving Wyndham's Attorney's Fees and Costs, approving Wyndham's prejudgment interest, and dismissing Wyndham's remaining claims.


Dated: 3/4/2015                                                                     s/ Robert B. Kugler
                                                                                            ROBERT B. KUGLER
                                                                                            United States District Judge